

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2008

# Curaj v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4969

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Curaj v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1594.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1594

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4969

ARTUR CURAJ,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A96-253-187)
Immigration Judge: Annie S. Garcy

Submitted Under Third Circuit L.A.R. 34.1(a)
November 30, 2007

Before: BARRY, FUENTES, Circuit Judges, and DIAMOND,* District Judge.

(Opinion Filed: 15 February 2008)

---

* Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge:

Artur Curaj petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming an order of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("Convention"). On appeal, Curaj argues that the IJ erred in denying his claims for relief and that the IJ's hostility toward Curaj violated his due process rights. Because we conclude that the IJ's decision is supported by substantial evidence and that Curaj's due process rights were not violated, we will deny the petition.[1]

Curaj is a native and citizen of Albania. He claims numerous instances of past persecution by the Socialist Party because of his membership in the Democratic Party, including four assaults by Socialist Party members between 1997 and 2001; vandalism of his mother's home in 2000; harassment and threats of imminent imprisonment at his wedding in 2002; and threatening phone calls.

The IJ concluded that many of the alleged instances of persecution were nothing more than isolated acts of violence, and moreover, Curaj's testimony was not credible. The IJ deemed that a newspaper article submitted to the court "smacks of unreliability,"

---

[1]The BIA's jurisdiction arose under 8 C.F.R. § 1003.1(b)(3) and (9). This Court has jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a).

because it was incompletely translated and appeared to be concocted in order to support Curaj's asylum application. (App. 48.) Moreover, the IJ found Curaj to be "totally incredible and totally unbelievable" as to his account of his 2002 wedding. (App. 70.) The IJ elaborated that it was unreasonable for Curaj to have been intimidated by the arrival of four Socialist Party members, or to fear arrest despite no wrongdoing, when 100 attendants were present and could corroborate Curaj's innocence.

We review the IJ's or BIA's findings of fact to determine whether they are based on substantial evidence. "Under this deferential standard of review, we must uphold [a factual] determination of the BIA or IJ unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). Applying this standard to the record before us, we conclude that the IJ's adverse credibility determination and the resulting denial of relief were supported by substantial evidence. Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) ("An alien's credibility, by itself, may satisfy his burden, or doom his claim.").

Curaj also argues that the IJ denied him due process of the law by constantly interrupting him and his attorney, and berating him when he testified that he left his mother at home alone to go into hiding. An IJ's statements and behavior while conducting a hearing may rise to the level of a due process violation where the IJ insults and belittles a petitioner. See Wang v. Att'y Gen., 423 F.3d 260, 265-69 (3d Cir. 2005) (calling the petitioner a "horrible father," and stating that she found it "infuriating" that Wang "never even one time did anything honest"). However, mere discourtesy on the

-3-

part of an IJ is insufficient to constitute a due process violation. <u>See</u> <u>Abdulrahman v. Ashcroft</u>, 330 F.3d 587, 597 (3d Cir. 2003) (stating that a due process violation had not occurred even though the IJ's language "reflect[ed] an annoyance and dissatisfaction with [the alien]'s testimony that is far from commendable").

In this case, assuming the IJ's comments reflected impatience and annoyance, they did not rise to the level of a due process violation. Moreover, the IJ's interruptions did not preclude Curaj from testifying fully. Therefore, we hold that there was no denial of due process of the law based upon the IJ's conduct.

For the foregoing reasons, we will deny the petition for review.